[No. 1890.  Decided December 14, 1895.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES MURPHY, *Appellant*.

CRIMINAL LAW — MURDER — FORMER ACQUITTAL — NEW TRIAL — MIS-
CONDUCT OF JURY — REQUESTED INSTRUCTIONS.

The conviction of a defendant charged with murder in the first degree as guilty of murder in the second degree, is an acquittal of the higher charge, and in case of a new trial a plea of former acquittal of murder in the first degree should be sustained.  (DUNBAR, J., dissents).

Error of the court in overruling a plea of former acquittal as to the charge of murder in the first degree is not prejudicial, when, upon a retrial, the defendant is again convicted of murder in the second degree.

A verdict in a prosecution for murder cannot be impeached for misconduct of the jury by an affidavit of defendant based upon information and belief as to the facts charged.

Refusal to give requested instructions is not ground of reversal when the court has fully and correctly stated the law of the case in the charge given.

Appeal from Superior Court, King County.— Hon. T. J. HUMES, Judge.  Affirmed.

*S. H. Piles*, and *J. T. Ronald*, for appellant:

Upon the point that the court erred in forcing the defendant to trial for murder in the first degree after the former trial and conviction of murder in the second degree, counsel cite *State v. Ball*, 27 Mo. 327; *State v. Ross*, 29 Mo. 41; *State v. Kattlemann*, 35 Mo. 105;

*State v. Smith,* 53 Mo. 139; *State v. Brannon,* 55 Mo.
63 (17 Am. Rep. 643); *Bell v. State,* 48 Ala. 684 (17
Am. Rep. 49); *McQueen v. State,* 15 South. 824; *People
v. Gordon,* 33 Pac. 901; *State v. Norvell,* 2 Yerg. 24 (24
Am. Dec. 458); *Campbell v. State,* 9 Yerg. 337 (30
Am. Dec. 417); *Slaughter v. State,* 6 Humph. 410; *Jones
v. State,* 13 Tex. 168 (62 Am. Dec. 550); *Robinson v.
State,* 17 S. W. 632; *Huff v. State,* 24 S. W. 903; *People
v. Dowling,* 84 N. Y. 803; *Guenther v. People,* 24 N. Y.
100; *Commonwealth v. Foster,* 122 Mass. 317 (23 Am.
Rep. 326); *State v. Hattabough,* 66 Ind. 223; *State v.
Martin,* 30 Wis. 216 (11 Am. Rep. 567); *State v. Bel-
den,* 33 Wis. 121 (14 Am. Rep. 748); *State v. Phinney,*
42 Me. 384; *State v. Servenson,* 45 N. W. 305; *State v.
Tweedy,* 11 Iowa, 353; *Brennan v. People,* 15 Ill. 517;
*State v. Lessing,* 16 Minn. 75; *Kring v. Missouri,* 107
U. S. 221; *Johnson v. State,* 9 South. 208; *Golding v.
State,* 12 South. 525; *State v. Joseph,* 3 South. 405;
*Girts v. Commonwealth,* 22 Pa. St. 351; *State v. Kittle,*
2 Tyler, 471; *Weighorst v. State,* 7 Md. 442.

*A. W. Hastie,* Prosecuting Attorney, for The State:

A previous trial and conviction having taken place,
the accused, on his own motion, asked for and was
granted a new trial, and he thereby waived the former
jeopardy, and is now estopped from pleading it, as to
any offense included in the information. *Bohanan v.
State,* 18 Neb. 57 (53 Am. Rep. 791, 24 N. W. 390);
*Lesslie v. State,* 18 Ohio St. 391; *State v. Behimer,* 20
Ohio St. 572; *State v. Anderson,* 89 Mo. 312; *People v.
Palmer,* 109 N. Y. 413 (17 N. E. 213, 4 Am. St. Rep.
477); *State v. Miller,* 35 Kan. 328 (10 Pac. 865); *Com-
monwealth v. Arnold,* 83 Ky. 1 (4 Am. St. Rep. 114);
*People v. Keefer,* 65 Cal. 232; *People v. Gordon,* 99 Cal.
227; *People v. Carty,* 19 Pac. 490; *Gunter v. State,* 3

South, 600; *Kendall v. State*, 65 Ala. 492; *Bailey v. State*, 26 Ga. 579; *Patterson v. State*, 70 Ind. 341; *State v. Blaisdell*, 59 N. H. 328; *Briggs v. Commonwealth*, 82 Va. 554; *Benton v. Commonwealth*, 21 S. E. 495; *State v. Thompson*, 27 Pac. 349; *Territory v. Dorman*, 25 Pac. 516; *State v. Bowman*, 62 N. W. 759; *State v. Redman*, 17 Iowa, 329.

The opinion of the court was delivered by

HOYT, C. J.—Defendant was charged with the crime of murder in the first degree. A trial was had which resulted in a verdict of guilty of murder in the second degree. From the judgment rendered upon such verdict appeal was taken to this court, where the judgment was reversed and the cause remanded. When the cause was again called for trial, defendant interposed a plea of former acquittal of murder in the first degree, and asked to be put on trial for murder in the second degree. The state answered the plea, and, upon demurrer of appellant, the superior court held that the plea of former acquittal was not sustained and allowed the defendant to be again put on trial for murder in the first degree. Upon such trial defendant was again convicted of murder in the second degree, and from the sentence imposed has prosecuted this appeal.

His first contention is that the action of the court in overruling his plea of former acquittal of the crime of murder in the first degree was erroneous, and entitles him to a reversal of the judgment and sentence. The question raised by this contention has been often before the courts and the decisions upon it have not been entirely uniform. By far the greater number have held in accordance with the contention of the appellant, and although some courts of high repute

have held to the contrary, it must be conceded that if the question is to be decided upon authority the contention of appellant must be sustained. In principle the decision must depend upon the nature of an information for murder in the first degree, and a verdict rendered thereon in its relation to the lower grades of felonious homicide. That a verdict of guilty of murder in the second degree or manslaughter may be properly rendered against a defendant charged with murder in the first degree is universally conceded. If this is so it must be for the reason that an information charging murder in the first degree also charges murder in the second degree and manslaughter, since it is familiar law that a person cannot be convicted of a crime without first having been charged therewith by indictment or information. It is the duty of the court to see that the verdict of the jury covers the subject matter of the charge by finding the defendant either guilty or not guilty, and since in every charge of murder in the first degree is included a charge of murder in the second degree and manslaughter, it is the duty of the court to see that verdicts of either guilty or not guilty are returned as to each of these charges. The practice of requiring a verdict which in form finds as to only one of such charges is so universal that it must be held to have been founded upon correct principles. It follows that the rendition of such single verdict is in fact the rendition of a verdict as to every grade of the offense included in the information; that upon the charge of murder in the first degree, the rendition of such single verdict must at least include a verdict of guilty or not guilty as to murder in the first degree, murder in the second degree and manslaughter. This can only be so upon the theory that a verdict of guilty as to

any grade of the crime included in the information is a verdict of not'guilty as to the higher grades and of guilty, not only of the grade mentioned in the verdict but of every lower grade. The logical result of this course of reasoning, which seems necessary to sustain the practice as to receiving verdicts, where the information charges a crime with lower grades, is that for the purposes of such verdict the defendant is upon trial upon separate informations for each of such grades. If this be so, reason will require that in determining the result of any verdict it should be in the light of the fact of such separate charges. A defendant upon trial for the crime of murder in the first degree could not be again put upon trial for that offense after a general verdict of not guilty; and since the effect as to that grade of the crime of a verdict of guilty of a lower grade is the same as a verdict of not guilty, a verdict of guilty of the lower grade should protect from further prosecution for the higher grade.

The respondent seems to rest its contention upon the claim that the verdict is entire and relates to all grades of the crime, and when vacated has no longer force as to any grade. But the practice of allowing such verdicts is better sustained upon the theory that the verdicts as to each of the grades are several. And if they are, there seems to be no ground upon which the contention of the appellant can be successfully met. The question has been so often discussed in all its bearings that it is not necessary for us to say more than that the cases which have held as contended by the appellant are so fully sustained upon reason that even if the authorities were equally divided, we should be inclined to sustain such contention. And in view of the fact that such an overwhelming weight of authority is upon that side our duty is clear.

This question has been heretofore substantially determined by this court. The directions as to the disposition to be made, in the superior court, of the cases of *State v. Freidrich*, 4 Wash. 204 (29 Pac. 1055) and *State v. Robinson*, 12 Wash. 491 (41 Pac. 51), could only have been properly given upon the theory that a verdict of guilty of murder in the second degree was also in legal effect a separate verdict of not guilty of murder in the first degree and of guilty of manslaughter.

Was the defendant injured by this ruling? Respondent contends that he was not for the reason that he was not convicted of a higher crime than that for which he was rightfully put upon trial, and with this contention we feel compelled to agree. The argument against it is founded almost entirely upon presumed misconduct on the part of the jury. Such argument is to the effect that some of the jurors might have been convinced that the defendant was guilty of murder in the first degree, and others that he was guilty of manslaughter only; and the result might have been the verdict of guilty of murder in the second degree brought about by compromise. There might be force in this argument, were it not for the fact that it is the duty of each juror to come to a conclusion for himself, and it will not be presumed that for any reason of convenience or policy a juror consented to any other verdict than that of which he believed the defendant guilty. The defendant could have been rightfully put upon trial for murder in the second degree, and under the circumstances disclosed by this record the course of the trial would have been the same that it was upon the charge of murder in the first degree, and since it must be presumed that the evidence warranted the verdict, the same evidence

would have warranted a like verdict if he had been put upon trial charged only with the crime of murder in the second degree. The error of the court in overruling the plea of former acquittal as to the charge of murder in the first degree for these reasons did not affect any substantial right of the defendant.

The next error is founded upon the action of the court in denying defendant's motion for a new trial. This motion was founded principally upon allegations in an affidavit made by the defendant as to the misconduct of the jury. But such affidavit did not furnish any such evidence of misconduct as to authorize the court to act upon it. The affiant did not claim any knowledge upon the subject, but only that he had been informed and believed as to the facts charged. The presumptions surrounding the verdict of a jury are necessary, and can only be overcome by the competent testimony of some one having knowledge upon the subject.

The other errors assigned grow out of the action of the court in instructing the jury and in refusing to give certain instructions asked for by the defendant. We do not deem it necessary to discuss each separate criticism made by the appellant upon the instructions. It is enough for us to say, as to the instructions given, that we have carefully examined them, and while it is true that certain isolated parts may have contained statements, which, if taken alone, would have tended to the prejudice of the rights of the defendant, these parts, taken in connection with the other instructions given correctly, state the law of the case, and all of the law which it was necessary for the jury to have that they might arrive at a correct conclusion. This being so, the fact that the court refused to instruct as

requested by the defendant would not entitle him to a reversal of the judgment.

The rights of the defendant seem to have been carefully protected by able counsel and by correct action on the part of the court, and the judgment and sentence will be affirmed.

ANDERS, SCOTT and GORDON, JJ., concur.

DUNBAR, J. (*concurring*)—I do not believe that the refined distinctions discovered and endorsed by the majority exist in fact, or are founded in reason, and hence they ought not to have any place in the practical operations of the law. To my mind the common sense idea is, that when a defendant convicted of murder or any other crime seeks and obtains a new trial, it is a *new trial* which is accorded him, and not a trial for some other crime, and that he should be compelled to enter into the new trial subject to the same penalties that confronted him on the first trial. The whole object in granting him a new trial is to insure him a trial freed from the errors which prejudiced him in the first. But, as the majority has found against the appellant on another proposition, I concur in the result.