## STATE V. McELWAIN

Defendant, on trial for manslaughter in the first degree, was convicted of manslaughter in the second degree, and a new trial was awarded him. On the new trial a demurrer was sustained to his plea that he had been acquitted of manslaughter in the first degree. He was again convicted of manslaughter in the second degree. Held, that the sustaining of the demurrer was not prejudicial to defendant.

(Opinion filed February 4, 1903)

Error to circuit court, Yankton county; Hon. E. G. SMITH, Judge.

George McElwain was convicted of manslaughter in the second degree, and brings error. Affirmed.

*French & Orvis*, for plaintiff in error.

A person who has already been convicted of a lesser offense than that charged in the Information, may waive the constitutional protection against a second prosecution, for the particular offense of which he was convicted, and ask for a new trial to relieve him from the jeopardy which he is already in, and that when he does so, it is not to expose himself to the possible conviction of a charge of which he had been acquitted, because of this he did not conplain, but it is to relieve him of the one of which he has been convicted. He seeks deliverence only from that of which he has been convicted, and asks that he may again be put to trial, not for the original charge in the Information, but upon the one of which he was convict-

ed.  State v. Martin, 30 Wis. 216; Johnson v. State, 29 Ark.
31; 21 Am. Rep. 154; People v. Apgar, 35 Cal. 389; People v.
Gordon, 99 Cal. 227; 33 Pac. 901; Robinson v. State, 17 S. W.
632; 35 Am. Rep. 339-345, note; State v. Murphy, 43 Pac. 44;
People v. DeFoor, 100 Cal. 150; 34 Pac. 642; People v. NySam
Chung, 94 Cal. 304; 29 Pac. 642; Brennan et al v. People, 15
Ill. 512; People v. Stevens, 79 Cal. 428; In re Neilson, 131 U.
S. 185; In re Bennett, 84 Fed. 324-328; Commonwealth v.
Herty 109 Mass., 348; Johnson v. State. 9 Southern, 208; 12
Southern, 525; People v. Gilmore, 4 Cal. 376; Sylvester v.
State, 59 Am. Dec 225; Gunther v. People, 24 N. Y. 100;
State v. Helm, 61 N. W. 246; State v. Ross, 35 Mo. 105.

*A. W. Burtt,* Atty, Gen., and *A. E. Taylor* Asst. Atty, Gen.,
for the State.

When a defendant who is dissatisfied with a conviction for a
lesser degree of crime than he is charged, obtains a new trial
upon appeal, he is placed by his own act and consent in a po-
sition to try all the issues raised by the pleadings in the first
instance.  People v. Palmer, 109 N. Y. 14; State v. Behimer,
20 O. S. 572; Leslie v. State, 18 O. S. 390; Jarvis v. State, 19 O. S.
585; State v. McCord, 8 Kas. 232; State v. Derreso, 56 Kan.
126; State v. Kessler, 49 Pac. 293; Bohauman v. State, 24 N.
W. 390; Commonwealth v. Arnold, 83 Ky. 1; State v. Murphy,
43 Pac. 44.

HANEY, P. J.  Defendant was tried upon the charge of
manslaughter in the first degree, found guilty of manslaughter
in the second degree and upon his own motion was granted a
new trial. On the second trial, in addition to the plea of not guil-
ty, he pleaded that he had been acquitted of the offense of man-

slaughter in the first degree by the verdict of the jury on the former trial finding him guilty of manslaughter in the second degree. The learned circuit court sustained a demurrer to this plea of former acquittal, excluded all evidence offered in support of it, and charged the jury that the defendant might be found guilty of manslaughter in the first degree. Having been again found guilty of manslaughter in the second degree, and sentenced to imprisonment in the penitentiary, the defendant sued out a writ of error for the purpose of having the record of his conviction reviewed by this court.

Counsel for defendant concede that the proceedings upon the former trial did not preclude a second trial and conviction for manslaughter in the second degree, but they contend that the verdict upon the former trial was in effect an acquittal of the charge of manslaughter in the first degree, and that the defendant could not be again tried upon the charge, although the former verdict was vacated upon his own application. Our Code of Criminal Procedure contains the following provisions: "A new trial is a re-examination of the issue in the same court, before another jury, after a verdict has been given. The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict cannot be used or referred to, either in evidence or in argument, or be pleaded in bar of any conviction which might have been had under the indictment." Comp. Laws, § 7449. Notwithstanding the clear and unambiguous language of this statute, there seems to be some doubt as to its proper effect in the case at bar, because of conflicting decisions in other states under the same or similar statutory provisions. An exhaustive discussion of the proposition would

involve a review of numerous authorities and the consideration of important constitutional guaranties. Such discussion is not deemed necessary or advisable upon the record in this case. It is the duty of this court, upon the hearing of a writ of error, to "give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." Comp Laws, § 7520. Were we to assume that the first verdict operated as an acquittal of the charge of manslaughter in the first degree, and that there was technical error in the rulings of the lower court relating to the plea of former acquittal, we certainly would not be justified in holding that the defendant was prejudiced thereby. In the state of Washington, where defendant's contention regarding the effect of a former verdict is recognized, the supreme court, in a case analogous to the one at bar, holds that error in sustaining a demurrer to a plea of acquittal is harmless, where on the second trial the defendant is again convicted of a lower degree of crime. The language of that learned court is quoted with approval: "Was the defendant injured by this ruling? Respondent contends that he was not, for the reason that he was not convicted of a higher crime than that for which he was rightfully put upon trial, and with this contention we feel compelled to agree. The argument against it is found almost entirely upon presumed misconduct on the part of the jury. Such argument is to the effect that some of the jurors might have been convinced that the defendant was guilty of murder in the first degree, and others that he was guilty of manslaughter only, and the result might have been the verdict of guilty of murder in the second degree brought about by compromise. There might be force in this argument were it not for the

fact that it is the duty of each juror to come to a conclusion for himself, and it will not be presumed that, for any reason of convenience or policy, a juror consented to any other verdict than that of which he believed the defendant guilty. The defendant could have been rightfully put upon trial for murder in the second degree, and, under the circumstances disclosed by this record, the course of the trial would have been the same that it was upon the charge of murder in the first degree; and since it must be presumed that the evidence warranted the verdict, the same evidence would have warranted a like verdict if he had been put upon trial charged only with the crime of murder in the second degree. The error of the court in overruling the plea of former acquittal as to the charge of murder in the first degree, for these reasons, did not affect any substantial right of the defendant." State v. Murphy (Wash.) 43 Pac. 44.

The judgment of the circuit court is affirmed.