UNITED STATES v. OWENS.

(Third Division.  Fairbanks.  July 29, 1905.)

No. 40.

1. CRIMINAL LAW—FORMER JEOPARDY—JUDGMENT REVERSED—NEW TRIAL.

It is now an established principle of law that a defendant in a criminal case who procures a verdict and judgment against him to be set aside by the court may be tried anew upon the same or another indictment for the same offense of which he was convicted.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, § 378.]

2. SAME—CONVICTION OF LOWER DEGREE—EFFECT—ACQUITTAL OF HIGHER DEGREE.

Where a person is tried upon an indictment charging murder in the first degree, and the jury returns a verdict against him for murder in the second degree, which is reversed on appeal on his application, on the subsequent trial he cannot again be tried for murder in the first degree, and for no higher offense than that of murder in the second degree. See the subsequent decision of Trono v. United States, 26 Sup. Ct. 121, 199 U. S. 521, 50 L. Ed. ——.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, §§ 366, 394.]

An indictment was returned in this court at Eagle, Alaska, on August 8, 1902, charging defendant with murder in the first degree for the alleged killing of Carl Christensen on November 16, 1901, at Forty Mile river in this district. He was tried on that indictment, and on August 16, 1902, was

convicted of the crime of murder in the second degree, and on August 19, 1902, was sentenced to 25 years imprisonmenx in the penitentiary. Thereafter the case was removed to the Circuit Court of Appeals, Ninth Circuit, for review, and the proceedings against him were, on July 26, 1904, reversed for error in the instructions to the jury, and the cause was thereupon remanded to this court for a new trial.

On July 12, 1905, the defendant appeared in this court accompanied by his attorney, and in open court, the District Attorney being present, made his oral plea to the indictment upon which he stands charged as follows:

"The defendant pleads that he has already been acquitted of the crime of murder in the first degree, as charged in the indictment herein, by the judgment of the court of the Territory and District of Alaska for the Third Division, rendered at Eagle, Alaska, on the 19th day of August, 1902."

An objection was urged to this plea by the District Attorney in the nature of a demurrer, and a full argument on the points involved was heard by the court.

N. V. Harlan, Dist. Atty., for the United States.
Louis K. Pratt, for defendant.

WICKERSHAM, District Judge. The sole question raised on this plea and submitted to the court for determination is: Does a conviction by a jury and sentence for murder in the second degree upon an indictment charging murder in the first degree bar a subsequent trial, after reversal for error, for murder in the first degree, or, to state the same question differently, where a jury on a trial for murder in the first degree returns a verdict of guilty in the second degree, is it such an acquittal for murder in the first degree that it bars a second trial therefor on the ground of former jeopardy?

By the treaty of cession with Russia, and subsequent legislation by Congress extending civil government thereto, Alaska

2 A.R.—31

became incorporated into and a part of the United States. It is an organized territory, and the constitutional guaranty "nor shall any person be subject for the same offense to be twice put in jeopardy in life or limb" applies to and controls the practice in such cases in Alaska. Rassmussen v. United States, 197 U. S. 516, 25 Sup. Ct. 514, 49 L. Ed. 862.

Section 159 of the Code of Criminal Procedure provides:

"That upon an indictment for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or an an attempt to commit the crime or any such inferior degree thereof."

The crime of murder consists of two degrees—first and second. The indictment in this case charged the first, and the jury returned a verdict of guilty of the second, degree. The jury did not actually find the defendant not guilty of murder in the first degree; it returned a verdict that he was guilty of murder in the second degree, and made no finding in relation to the charge of murder in the first degree.

In the case at bar the jury was instructed as follows:

"You are instructed that the crime of murder consists of two degrees—first and second—and that it is the law that upon an indictment for a crime consisting of different degrees the jury may find the defendant not guilty of the degree charged in the indictment. and guilty of any inferior degree thereof. You are instructed, however, that this is not an arbitrary power or right upon your part to be exercised or withheld at pleasure, but it is a legal duty, to be exercised in strict conformity with the rules of law. In this case, if the evidence is such as to convince you beyond a reasonable doubt that the defendant is guilty of the crime of murder in the first degree as heretofore explained to you, then you have no right to refuse to convict of that grade either through sympathy or otherwise, and return a verdict of a lesser degree or lower offense. It is the duty of the prosecution to prove every material allegation of the crime beyond a reasonable doubt, and if that is once done it is equally your duty to give full effect to that evidence and the law, and bring in your verdict accordingly."

The court fully instructed on murder in the first and second degrees, and manslaughter, and gave the jury five forms of verdict with this instruction.

"In conformity with the law, I have prepared five forms of verdict which you will take with you into the jury room, and when you shall have unanimously agreed upon that form you will sign the one upon which you agree by your foreman, and return it into court as your verdict, and the others you will destroy. The forms are: (1) Murder in the first degree; (2) murder in the first degree, qualified by the added words 'without capital punishment'; (3) murder in the second degree; (4) manslaughter; (5) not guilty. With these forms I now hand you the written instructions which I have read to you for your guidance, and you may take them with you into the jury room, and you will return them with your verdict into this court upon your discharge. You may now retire in charge of the marshal and consider your verdict."

The court did not require the jury to return a special finding of acquittal on the charge of murder in the first degree, if upon the evidence and the law they found the defendant guilty of murder in the second degree. Both the court and jury understood that the jury must return the verdict of murder in the first degree if the evidence and the law established the prisoner's guilt in that degree, and it was also understood that a verdict that he was guilty in the second degree should only be returned after the jury had determined that he was not guilty in the first degree.

In Dealy v. United States, the defendant was indicted for conspiracy to defraud the United States in the location of public lands. There were 17 counts in the indictment. The jury returned a verdict of guilty upon all the counts upon which he was tried but one, and as to that one said nothing. The Supreme Court said on this point:

"Of those remaining, one (the sixteenth count) was not referred to in the verdict. It may have been simply overlooked by the jury. Be that as it may, the discharge of the jury under the circumstances was doubtless equivalent to a verdict of not guilty as to that count." Dealy v. U. S., 152 U. S. 539, 542, 14 Sup. Ct. 680, 681 (38 L. Ed. 545).

Under the provisions of section 159, the instructions of the court, and the rule laid down in Dealy v. United States, supra, the finding and verdict that the prisoner was guilty of murder in the second degree was necessarily equivalent to a finding or verdict that he was not guilty of murder in the first degree. In re Bennett (D. C.) 84 Fed. 324.

It is now an established principle of law that a defendant in a criminal case, who procures a verdict and judgment against him to be set aside by the court, may be tried anew upon the same or another indictment for the same offense of which he was convicted. Ball v. United States, 163 U. S. 662, 671, 16 Sup. Ct. 1192, 41 L. Ed. 300; Murphy v. Massachusetts, 177 U. S. 155, 159, 20 Sup. Ct. 639, 44 L. Ed. 711. It seems equally well settled that where a person is tried upon an indictment charging murder in the first degree, and the jury returns a verdict against him for murder in the second degree, which is reversed on appeal on his application, on the subsequent trial he cannot again be tried for murder in the first degree, and for no higher offense than that of murder in the second degree. State v. Steeves (Or.) 43 Pac. 947; State v. Murphy (Wash.) 43 Pac. 44; Kring v. Missouri, 107 U. S. 221, 234, 2 Sup. Ct. 443, 27 L. Ed. 506, 17 Am. & Eng. Ency. of Law (2d Ed.) 601; Wharton's Crim. Pl. & Prac. (8th Ed.) § 465; 1 Bish. New Crim. Law, vol. 1, § 1056.