[No. 9672. Department One. July 14, 1911.]

THE STATE OF WASHINGTON, *on the Relation of Roy Moorehead, Plaintiff*, v. W. O. CHAPMAN, *Judge, etc., Respondent*.[1]

BAIL—PERSONS ENTITLED—PENDENCY OF APPEAL. Upon a trial for murder, in which the defendant is acquitted of first degree murder by a verdict for manslaughter, the defendant is entitled to bail pending his appeal, under Rem. & Bal. Code, § 1747, providing that bail must be fixed in all criminal actions except capital cases.

BAIL—ORDER FOR—EFFECT OF APPEAL—STAY. Appeal by the state from an order fixing bail does not operate as a stay of proceedings, in the absence of statute so providing; and the court has jurisdiction to and must accept bail pending the appeal, in view of Rem. & Bal. Code, § 1731, providing that on appeal the superior court retains jurisdiction for all purposes not affected by the appeal.

[1]Reported in 116 Pac. 592.

Application filed in the supreme court July 6, 1911, for a writ of mandate to compel the superior court for Pierce county, Chapman, J., to approve a bail bond pending appeal from a criminal prosecution. Granted.

*Lefebvre & Foss*, for plaintiff.

*J. L. McMurray* and *G. C. Nolte*, for respondent.

MOUNT, J.—Mandamus to compel the trial court to approve a bail bond in a criminal case pending appeal. The relator was charged with the crime of murder in the first degree. He was tried and found guilty of manslaughter, and he appealed from the judgment pronounced thereon. The trial court thereupon fixed his bail in the sum of $8,000 pending the appeal. A bond satisfactory to the trial judge was furnished, but before the judge approved the bond, the state served and filed a notice of appeal from the order allowing bail. The court thereupon refused to approve the bond, or to proceed further. Relator thereupon applied to this court for a writ to compel the trial judge to approve a bail bond and permit the relator to be released from custody.

The statute provides that:

"In all criminal actions, except capital cases in which the proof of guilt is clear or the presumption great, upon an appeal being taken from a judgment of conviction, the court in which the judgment was rendered, or a judge thereof, must, by an order entered in the journal or filed with the clerk, fix and determine the amount of bail to be required of the appellant." Rem. & Bal. Code, § 1747.

See, also, Rem. & Bal. Code, § 2310; Const., art. 1, § 20.

It is plain that the relator was entitled to bail because, having been acquitted of the charge of murder in the first degree, he could thereafter be tried for no greater offense than manslaughter (*State v. Murphy*, 13 Wash. 229, 43 Pac. 44), which is a bailable offense. The trial judge was apparently of the opinion that, when the order was made fixing bail and the state appealed therefrom, the court was then

without jurisdiction to proceed further. It is apparent, however, that the court retained jurisdiction to make the order for bail effective, for the statute provides, at Rem. & Bal. Code, § 1731, that,

"The superior court shall, nevertheless, retain jurisdiction for the purpose of all proceedings by this act provided to be had in such court, and for the purpose of settlement and certifying the bills of exceptions and statements of facts, and for all purposes in so far as the cause is not affected by the appeal."

In the absence of a statute providing for a stay, the mere notice of appeal does not operate to stay the proceedings. The respondent does not claim that there is a statute providing for such stay. No stay, therefore, exists. The constitution and the statutes provide for bail in cases like this. Relator is entitled thereto as of right. Surely the relator may not be deprived of his liberty, when he has complied with the statute and offered the bond required by an order of the court, simply by the prosecuting attorney's giving a notice of appeal from such order. To hold that he may, would be to defeat the plain mandate of the statute. We are satisfied that the approval of the bond and the discharge of relator under the same did not affect the order appealed from, and were, therefore, within the jurisdiction of the court, notwithstanding the appeal.

Relator argues that the order fixing bail in this case is not appealable by the state. We need not decide that question now, because, if we assume that the order is appealable, we are still satisfied that the notice of appeal did not operate as a stay, and that the trial court did not lose jurisdiction to approve the bond and release the relator from custody pending the appeal.

The peremptory writ is therefore ordered as prayed.

DUNBAR, C. J., GOSE, PARKER, and MORRIS, JJ., concur.