### UNITED STATES v. GONZALES.

(District Court, W. D. Washington, N. D.   July 8, 1913.)

No. 2,341.

CRIMINAL LAW (§ 190*)—FORMER JEOPARDY—CONVICTION OF LOWER OFFENSE—NEW TRIAL.

Under the rule of the federal courts, a defendant, indicted for murder in the first degree, but convicted of an included crime, by procuring such conviction to be set aside by the trial court or an appellate court, waives the right to use the judgment by plea of former jeopardy, and may be again tried for murder in the first degree.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 375; Dec. Dig. § 190.*]

Criminal prosecution by the United States against Pedro Rodriquez Gonzales. On motion by defendant for new trial. Denied.

C. F. Riddell, U. S. Atty., and John J. Sullivan, Asst. U. S. Atty., both of Seattle, Wash.

Carmody & Tammany, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. Defendant moves for a new trial, after conviction upon a second trial of murder in the first degree at Ft. Lawton.

At the first trial, defendant was convicted of murder in the second degree, and, upon his motion, the verdict of conviction was vacated, and a new trial granted. At the commencement of the second trial, defendant moved to quash the indictment, upon the ground that defendant had been acquitted of the charge of murder in the first degree, by being found guilty of murder in the second degree, and to be again put on trial for murder in the first degree would be placing him again in jeopardy, in violation of the fifth amendment to the Constitution. The motion to quash was overruled. The motion now made for a new trial is urged upon the same ground.

The prosecution relies upon the following authorities: Trono v. United States, 199 U. S. 521, 26 Sup. Ct. 121, 50 L. Ed. 292, 4 Ann.

Cas. 773; State v. Ash, 68 Wash. 194, 122 Pac. 995, 39 L. R. A. (N. S.) 611; 12 Cyc. 278.

Defendant relies upon the following authorities: In re Bennett (D. C.) 84 Fed. 324; State v. Murphy, 13 Wash. 229, 43 Pac. 44; State v. Chapman, 64 Wash. 140, 116 Pac. 592; Sylvester v. State, 72 Ala. 201; Johnson v. State, 29 Ark. 31, 21 Am. Rep. 154; People v. McFarlane, 138 Cal. 481, 71 Pac. 568, 72 Pac. 48, 61 L. R. A. 245; Golding v. State, 31 Fla. 262, 12 South. 525; State v. Helm, 92 Iowa, 540, 61 N. W. 246; State v. Joseph, 40 La. Ann. 5, 3 South. 405; Rolls v. State, 52 Miss. 391; State v. Steeves, 29 Or. 85, 43 Pac. 947; Brennan v. People, 15 Ill. 511; People v. Gordon, 99 Cal. 227, 33 Pac. 901; State v. Martin, 30 Wis. 216, 11 Am. Rep. 567; Slaughter v. State, 6 Humph. (Tenn.) 410; 12 Cyc. 284, div. "D," with notes; Clark on Criminal Procedure, 392.

Upon the question presented the decisions are not uniform.

"The authorities are hopelessly at variance upon the question whether, where the accused, being indicted for murder, is convicted of manslaughter, or of some degree of homicide less than murder in the first degree, and obtains a new trial, he can be indicted and tried for murder. Some cases hold that the conviction of the less degree of homicide is an implied acquittal of the murder, and bars a subsequent indictment for it. Other cases deny this doctrine altogether." 12 Cyc. subdivision "D," pp. 284, 285.

It appears that the federal courts have uniformly held that the defendant, by asking and securing a new trial, either by petition to the trial court, or upon appeal, waives his right to the defense of former jeopardy in such cases. In a decision of the Supreme Court of the United States, it is said:

"We may regard the question as thus presented as the same as if it arose in one of the federal courts in this country, where, upon an indictment for a greater offense, the jury had found the accused not guilty of that offense, but guilty of a lower one which was included in it, and upon an appeal from that judgment by the accused a new trial had been granted by the appellate court, and the question was whether, upon the new trial accorded, the accused could be again tried for the greater offense set forth in the indictment, or must the trial be confined to that offense of which the accused had previously been convicted, and which conviction had, upon his own motion, been set aside and reversed by the higher court. * * * In our opinion, the better doctrine is that which does not limit the court or jury, upon a new trial, to a consideration of the question of guilt of the lower offense of which the accused was convicted on the first trial, but that the reversal of the judgment of conviction opens up the whole controversy, and acts upon the original judgment as if it had never been. The accused by his own action has obtained a reversal of the whole judgment, and we see no reason why he should not, upon a new trial, be proceeded against as if no trial had previously taken place. We do not agree to the view that the accused has the right to limit his waiver as to jeopardy, when he appeals from a judgment against him. As the judgment stands before he appeals, it is a complete bar to any further prosecution for the offense set forth in the indictment, or of any lesser degree thereof. No power can wrest from him the right to so use that judgment; but if he chooses to appeal from it, and to ask for its reversal, he thereby waives, if successful, his right to avail himself of the former acquittal of the greater offense, contained in the judgment which he has himself procured to be reversed." Trono v. U. S., 199 U. S. 521, at 530, 533, 26 Sup. Ct. 121, at 123, 124 (50 L. Ed. 292, 4 Ann. Cas. 773).

The authority of this decision necessarily binds this court.

Motion denied.