### UNITED STATES v. FRANK.

No. 1174–CR.

Second Division.

Sept. 14, 1933.

Charles E. Taylor, of Fairbanks, for the United States.
Harry Pratt, of Fairbanks, for defendant.

GORE, District Judge.

In this case there have been two former trials. Charlie Frank was indicted for the crime of murder in the first degree. On the first trial he was convicted of the crime of murder in the first degree, and on appeal a new trial was ordered; thereafter a second trial was had, and Charlie Frank was found guilty of murder in the second degree, a crime included in the indictment. Appeal was taken, and a new trial was ordered, all of which is of record in this court.

On rearraignment, Charlie Frank pleaded not guilty and made the following further plea in bar: "Not guilty, your

honor, and I further plead a former acquittal in this that I have already been acquitted of murder in the first degree as charged in the indictment herein by the verdict of the jury returned in this Court on the 29th day of July, 1931, and by the judgment of the District Court of the Territory of Alaska, Second Division, rendered at Nome, Alaska, on the 5th day of August, 1931."

To the above plea the United States attorney filed a demurrer, and the question before the court is this: Can Charlie Frank, who was indicted for murder in the first degree and found guilty of murder in the second degree, an included crime in the indictment, be again placed on trial for murder in the first degree; the judgment of murder in the second degree having been reversed on appeal by the Circuit Court upon motion of the defendant Charlie Frank?

The weight of authority in the several states is that a defendant who has been charged with murder in the first degree and convicted of murder in the second degree cannot, even after successful appeal, be placed on trial for murder in the first degree.

The Alaska statute, which is similar to the Oregon statute, is as follows: Section 2216, Compiled Laws of Alaska. "That when defendant shall have been convicted or acquitted upon the indictment for a crime consisting of different degrees, such conviction or acquittal is a bar to another indictment for the crime charged in the former, or for any inferior degree of that crime, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment, as provided in sections twenty-two hundred and fifty-five and twenty-two hundred and fifty-six of this Title."

The Oregon case of State v. Steeves, 29 Or. 85, 43 P. 947, 953, 954, expresses the law on this subject. Section 12 of article 1 of the Oregon Constitution provides that "No person shall be put in jeopardy twice for the same offense." By reason of that section of the Oregon Con-

stitution and the interpretation of the Oregon laws, the defendant, Steeves, having been charged in the indictment with murder in the first degree and convicted of manslaughter, could not be tried for murder in the first degree or murder in the second degree; the judgment of manslaughter having been reversed.

The Oregon interpretation of the law was adopted by Judge Wickersham in the case of United States v. Owens, 2 Alaska, 480. The Owens Case, however, was decided by Judge Wickersham prior to the publication of the decision of the United States Supreme Court in the case of Trono v. United States, 199 U.S. 521, 26 S.Ct. 121, 50 L.Ed. 292, 4 Ann.Cas. 773.

In other cases from the several states which have been examined the several state courts base their decisions upon the several state constitutions which in effect provide that no person shall be put in jeopardy twice for the same offense.

The Organic Act of Alaska is silent upon the subject of "former jeopardy." Section 3 of the Organic Act (48 U. S.C.A. § 23) does provide that "the Constitution of the United States, and all the laws thereof which are not locally inapplicable, shall have the same force and effect within the said Territory as elsewhere in the United States." The Fifth Amendment to the Constitution of the United States provides, in part, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." It seems to me that the interpretation placed upon that part of the Constitution must be inquired into in order to answer the question now before the court.

■ Although the decisions of the Oregon Supreme Court are persuasive, they should not govern the decisions of the courts in Alaska, if the United States Supreme Court has not adopted the same theory as that adopted by the Supreme Court of Oregon.

In a headnote attached to the Owens Case, 2 Alaska, 480, and at page 668 thereof, the case of Trono v. United

States, 199 U.S. 521, 26 S.Ct. 121, 50 L.Ed. 292, 4 Ann. Cas. 773, is cited by Judge Wickersham, the author of Alaska Reports, as the correct ruling. At page 533 of 199 U.S., 26 S.Ct. 121, 124, 50 L.Ed. 292, 4 Ann.Cas. 773, in the Trono Case, the court says:

"In our opinion the better doctrine is that which does not limit the court or jury, upon a new trial, to a consideration of the question of guilt of the lower offense of which the accused was convicted on the first trial, but that the reversal of the judgment of conviction opens up the whole controversy, and acts upon the original judgment as if it had never been. The accused, by his own action, has obtained a reversal of the whole judgment, and we see no reason why he should not, upon a new trial, be proceeded against as if no trial had previously taken place. We do not agree to the view that the accused has the right to limit his waiver as to jeopardy, when he appeals from a judgment against him. As the judgment stands before he appeals, it is a complete bar to any further prosecution for the offense set forth in the indictment, or of any lesser degree thereof. No power can wrest from him the right to so use that judgment, but if he chooses to appeal from it and to ask for its reversal he thereby waives, if successful, his right to avail himself of the former acquittal of the greater offense, contained in the judgment which he has himself procured to be reversed.

"It is urged, however, that he has no power to waive such a right, and the case of Hopt v. Utah, 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262, is cited as authority for that view. We do not so regard it. This court held in that case that in the territory of Utah the accused was bound, by provisions of the Utah statute, to be present at all times during the trial, and that it was not within the power of the accused or his counsel to dispense with such statutory requirement. But, on an appeal from a judgment of this nature, there must be a waiver to some extent on the part of the accused when he appeals from such judgment. When the first trial is entered upon, he is then put in jeopardy

within the meaning of the phrase, and yet it has been held, as late as Ball v. United States, 163 U.S. 662, 671, 16 S.Ct. 1192, 41 L.Ed. 300, 303 (and nobody now doubts it), that if the judgment of conviction be reversed on his own appeal, he cannot avail himself of the once-in-jeopardy provision as a bar to a new trial of the offense of which he was convicted. And this is generally put upon the ground that by appeal he waives his right to the plea, and asks the court to award him a new trial, although its effect will be, if granted, that he will be again tried for the offense of which he has been once convicted. This holding shows that there can be a waiver of the defense by reason of the action of the accused. As there is, therefore, a waiver in any event, and the question is as to its extent (that is, how far the accused by his own action may be deemed to have waived his right), it seems much more rational and in better accord with the proper administration of the criminal law to hold that, by appealing, the accused waives the right to thereafter plead once in jeopardy, when he has obtained a reversal of the judgment, even as to that part of it which acquitted him of the higher while convicting him of the lower offense. When, at his own request, he has obtained a new trial, he must take the burden with the benefit, and go back for a new trial of the whole case. It does not appear to us to be a practise founded on solid reason to permit such a limited waiver by an accused party while himself asking for a reversal of the judgment.

"There is also the view to be taken that the constitutional provision was really never intended to, and properly construed, does not, cover the case of a judgment under these circumstances, which has been annulled by the court at the request of the accused, and there is, therefore, no necessity of relying upon a waiver, because the correct construction of the provision does not make it applicable."

In Stroud v. United States, 251 U.S. 15, at page 18, 40 S.Ct. 50, 51, 64 L.Ed. 103, Mr. Justice Day said: "The protection afforded by the Constitution is against a second trial for the same offense. Ex parte Lange, 18 Wall. 163,

21 L.Ed. 872; Kepner v. United States, 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114, 1 Ann.Cas. 655, and cases cited in the opinion. Each conviction was for murder as charged in the indictment, which, as we have said, was murder in the first degree. In the last conviction the jury did not add the words 'without capital punishment' to the verdict, although the court in its charge particularly called the attention of the jury to this statutory provision. In such case the court could do no less than inflict the death penalty. Moreover, the conviction and sentence upon the former trials were reversed upon writs of error sued out by the plaintiff in error. The only thing the appellate court could do was to award a new trial on finding error in the proceeding, thus the plaintiff in error himself invoked the action of the court which resulted in a further trial. In such cases he is not placed in second jeopardy within the meaning of the Constitution. Trono v. United States, 199 U.S. 521, 533, 26 S.Ct. 121, 50 L.Ed. 292, 4 Ann.Cas. 773."

The Trono Case is again followed in the case of Carbonell v. People of Porto Rico (C.C.A.) 27 F.(2d) 253. It was there held that: "The gist of the contention as to double jeopardy is that the defendant's conviction at the first trial for manslaughter amounted to an acquittal of the greater offense, murder, and that the second trial must be confined to manslaughter. Such construction of the double jeopardy provision has obtained in some states; but it has been rejected by the United States Supreme Court."

In United States v. Harding, 26 Fed.Cas. 131, at page 138, No. 15,301, Circuit Justice Grier held that defendant could waive the protection thrown around him by a double jeopardy clause of the Constitution but, upon a new trial being granted, upon the request of the defendant, a jury could find the defendant guilty of the whole indictment, although he had been convicted of a minor included crime in the indictment at the first trial.

In the case of Brantley v. State of Georgia, 217 U.S. 284, 30 S.Ct. 514, 54 L.Ed. 768, Brantley was charged with murder, was tried and found guilty of voluntary manslaughter. He filed motion for new trial and, upon appeal to the state Court of Appeals (5 Ga.App. 458, 63 S.E. 519) obtained a reversal of the judgment and a new trial was ordered. At the second trial (132 Ga. 573, 64 S.E. 676, 22 L.R.A.(N.S.) 959, 131 Am.St.Rep. 218, 16 Ann.Cas. 1203) he filed a plea of "former jeopardy," claiming that he could only be arraigned for voluntary manslaughter, and, having been found guilty of a lesser grade of homicide, that operated to acquit him of the charge of murder. The United States Supreme Court held that the contention was absolutely without merit and it was not a case of twice in jeopardy under any view of the Constitution of the United States.

In the case of United States v. Gonzales (D.C.) 206 F. 239, 240, the facts were similar to the present case, in that at the first trial defendant was convicted of murder in the second degree upon a trial of murder in the first degree. Upon his motion, the verdict of conviction was vacated and a new trial granted. At the commencement of the second trial, defendant moved to quash the indictment upon the ground that defendant had been acquitted of the charge of murder in the first degree by being found guilty of murder in the second degree and to be again put on trial for murder in the first degree would be again placing him in jeopardy. Judge Cushman in his opinion stated that upon the question presented the decisions were not uniform, but that "It appears that the federal courts have uniformly held that the defendant, by asking and securing a new trial, either by petition to the trial court, or upon appeal, waives his right to the defense of former jeopardy in such cases" (citing Trono v. U. S., 199 U.S. 521, 26 S.Ct. 121, 50 L.Ed. 292, 4 Ann.Cas. 773).

In the case of State v. Ash, 68 Wash. 194, 122 P. 995, 997, 39 L.R.A.(N.S.) 611, Judge Morris of the Supreme Court of the state of Washington wrote the opinion of

the court in which the Trono Case was followed. The opinion in the Ash Case reversed the former decision of State v. Murphy, 13 Wash. 229, 43 P. 44. Prior to the Ash Case and based upon the decision in State v. Murphy, 13 Wash. 229, 43 P. 44, the Supreme Court of Washington held that a conviction of murder in the second degree was an acquittal of murder in the first degree, and upon reversal of the judgment the defendant could only be again tried for the lesser crime. In his opinion, overruling the Murphy Case, he stated that the older ruling is the one holding that a conviction of a lesser offense is not an acquittal of greater offenses charged in the same information, operating as a bar upon the granting of a new trial, citing cases from Georgia, Indiana, Kansas, Nevada, Kentucky, Utah, Nebraska, Ohio, Virginia, Vermont, Oklahoma, South Carolina, and North Carolina; Harding Case, supra, and Trono Case, supra. He says:

"The theory of these cases is that, when a conviction for the lesser crime, under an indictment or information charging a greater crime, is reversed upon the voluntary appeal of a defendant, he thereby waives the acquittal upon the higher charge, and, upon the conviction being set aside, he is in the same position as if no trial had been had; the reversal operating upon the acquittal as well as upon the conviction. In some of these states statutes may be found providing, in effect, that a new trial places the parties in the same position as if no trial had been had. In others there is no such statute; while in some states having such a statute the contrary rule is held, as in Johnson v. State, 29 Ark. 31, 21 Am.Rep. 154. It would therefore seem, as stated in the note to Commonwealth v. Arnold, 4 Am. St.Rep. 119, that the existence or nonexistence of the statute has not been a determining factor in the decisions. * * *

"The right of appeal is a privilege granted by law, and, when that right is taken advantage of by a defendant convicted of an included offense, he must accept the privilege with all its attendant results; and one of those re-

sults, and the one in effect prayed for in all criminal appeals, is to have the appellate court vacate the judgment against him and grant a new trial because he has not had that fair and impartial trial guaranteed him by the Constitution, or because some rule of law has been improperly announced to his prejudice. And, when his plea for a new trial has been granted, he is no more in jeopardy as to the greater offense, of which it is said he was acquitted, than as to the included offense of which he was convicted; because by his own act he has procured the trial and its attendant judgment to be set aside and held for naught that he may again be permitted to traverse the charge, as in the first instance."

The reasoning of Judge Morris appears to be sound.

■ It is contended by the defendant that, as the laws of Alaska are similar to those of the state of Oregon in respect to this question, the decisions interpreting the laws of Oregon should be adopted by the courts in Alaska. It is a well-settled rule that, when a statute has been adopted from another state or country, the judicial construction already placed on such statute by the highest courts of the jurisdiction from which it is taken accompanies it, and is treated as incorporated therein. The same rule applies when a state statute is imposed by Congress on a United States territory. However, there are certain exceptions to, and limitations of, that rule. The rule is not applicable where the foreign construction is not in harmony with the Constitution of the adopting state.

■ As before stated, the Organic Act of Alaska provides that the Constitution and laws of the United States shall have the same force and effect within the said territory as elsewhere in the United States. Congress did not make effective in Alaska the Constitution of the state of Oregon. The decisions of the Supreme Court of the state of Oregon not being in harmony with the decisions of the Supreme Court of the United States in construing the "former jeopardy" provision, the contention of the

defendant is untenable. Under ruling as stated in the Trono Case, supra, and the Ash Case, supra, as well as the others herein mentioned, the defendant cannot avail himself of the provision of section 2216 of the Compiled Laws of Alaska, for, by appealing and asking for the reversal of his conviction of murder in the second degree, he waived the right to avail himself of the former acquittal of the greater offense. When at his own request he has obtained a new trial, he must take the burden with the benefit and go back for a new trial of the whole case.

The demurrer to the further plea in bar is sustained, and the plea of the defendant, "Not guilty, your honor, and I further plead a former acquittal in this that I have already been acquitted of murder in the first degree as charged in the indictment herein by the verdict of the Jury returned in this Court on the 29th day of July, 1931, and by the judgment of the District Court of the Territory of Alaska, Second Division, rendered at Nome, Alaska, on the 5th day of August, 1931," is hereby overruled, and it is ordered that the defendant, Charlie Frank, shall stand trial on his plea of not guilty to the indictment.