[No. 2833. Decided January 28, 1898.]

THE STATE OF WASHINGTON, *Appellant*, v. H. O. HUBBELL, *Respondent*.

CRIMINAL LAW — DISCHARGE OF ACCUSED ON MOTION — APPEAL BY STATE — ONCE IN JEOPARDY.

An order of the court in a criminal prosecution withdrawing the case from the jury at the close of the state's case, and discharging the defendant, is a judgment on the merits of the case, and is not appealable by the state, under Laws 1893, p. 120, § 1, subd. 7 (Bal. Code, § 6500), which provides that an appeal shall not be allowed to the state in any criminal action except for some material error in law not affecting the acquittal of a prisoner on the merits.

A defendant has been once in jeopardy and cannot be tried again for the same offense, when he has been arraigned upon an information sufficiently charging the crime of which he is accused, a lawful jury has been impaneled and sworn, and a court of competent jurisdiction has ordered the discharge of the accused at the close of the case made by the state.

Appeal from Superior Court, Spokane County.—Hon. L. H. PRATHER, Judge. Appeal dismissed.

*John A. Pierce,* Prosecuting Attorney, and *Harris Baldwin,* for The State.

*James L. Crotty,* for respondent.

The opinion of the court was delivered by

GORDON, J.—The respondent was charged in an information filed in the superior court for Spokane county with the crime of grand larceny. To this charge he pleaded not guilty, and a jury having been impaneled and sworn, the cause proceeded to trial upon the evidence. At the conclusion of the state's case respondent's counsel moved the court to discharge the jury from further consideration of the case, and the respondent from custody, on the ground that the evidence upon the part of the state was insufficient to warrant the court's submitting the cause to the jury. This motion was granted and the state has appealed from that order. Respondent has moved this court to dismiss the appeal and bases the motion upon various grounds, among others that the order made is not appealable, and that respondent has been once in jeopardy and cannot again be tried for the same offense.

We think the motion must be granted. Subdivision 7, section 1, Laws 1893, p. 120 (section 6500, Bal. Code), is as follows:

" But an appeal shall not be allowed to the state in any criminal action, except when the error complained of is in setting aside the indictment or information, or in arresting the judgment on the ground that the facts stated in the indictment or information do not constitute a crime, or is some other material error in law not affecting the acquittal of a prisoner on the merits."

The ruling here complained of does not go to the sufficiency of the information or to the decision of a question of law, but to the correctness of the court's conclusion as to the facts relied upon for a conviction. It was the judg-

ment of the court upon the merits of the case, and constitutes, we think, an acquittal on the merits. From such a judgment the state has no right of appeal.

The information sufficiently charged the crime. A lawful jury had been impaneled and sworn. The court had jurisdiction. The acquittal was upon the merits of the case as determined by the court. Under such circumstances we think the defendant has been once in jeopardy. Constitution of Washington, art. 1, sec. 9; U. S. Constitution, art. 5 of amendments; Cooley, Constitutional Limitations (5th ed.), pp. 326, 327; *United States v. Sanges*, 144 U. S. 310 (12 Sup. Ct. 609).

Upon the oral argument of the cause counsel for the state was disposed to concede that the respondent could not again be placed upon trial for the crime charged against him in this information. In this view we concur, and the motion to dismiss must be granted.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.