[No. 8784.   Department Two.   October 10, 1910.]

THE STATE OF WASHINGTON, *Appellant*, v. SAMUEL WRIGHT, *Respondent*.[1]

CRIMINAL LAW—APPEAL—JURISDICTION.   Jurisdiction of a criminal appeal cannot be conferred on the supreme court by agreement, where the statute confers no jurisdiction.

CRIMINAL LAW—APPEAL—BY STATE—RIGHT TO APPEAL.   The state cannot appeal from a judgment in a criminal case directing an acquittal on the ground of the insufficiency of the evidence, under Rem. & Bal. Code, § 1716, subd. 7, limiting appeals by the state to cases wherein the indictment or information is set aside or found insufficient or the error does not affect the merits.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered March 18, 1910, upon a verdict of not guilty rendered by direction of the court, in a prosecution for opening a saloon on Sunday.   Dismissed.

[1]Reported in 111 Pac. 18.

*Augustus Brawley*, for appellant.

*M. P. Hurd*, for respondent.

PER CURIAM.—This was a prosecution for the violation of Rem. & Bal. Code, § 2494, which provides, among other things, that every person who, on the first day of the week, shall open any drinking saloon shall be guilty of a misdemeanor. At the close of the testimony, the court directed the jury to return a verdict of not guilty, which was accordingly done, and from this ruling or decision, the state has attempted to prosecute an appeal. The prosecuting attorney for the county and the respondent have stipulated that the appeal may be submitted without argument on the brief filed by the appellant, and no objection to the jurisdiction of this court is suggested or raised. However, if we are without jurisdiction, it is the plain duty of the court to raise the objection and to dismiss the appeal. Rem. & Bal. Code, § 1716, subd. 7, provides that no appeal shall be allowed to the state in any criminal action except where the error complained of is in setting aside the indictment or information, or in arresting the judgment on the ground that the facts stated in the indictment or information do not constitute a crime, or is some material error in law not affecting the acquittal of a prisoner on the merits. That an acquittal directed by the court on the trial of a criminal action, on the ground that the evidence is insufficient to sustain a conviction, is an acquittal on the merits is practically conceded by the appellant, and is fully sustained by the decisions of this court. *Territory v. Lee*, 3 Wash. Ter. 396, 17 Pac. 884; *State v. Kemp*, 5 Wash. 212, 31 Pac. 711; *State v. Hubbell*, 18 Wash. 482, 51 Pac. 1039; *State v. Heron*, 19 Wash. 706, 53 Pac. 348; *State v. Murrey*, 30 Wash. 383, 70 Pac. 971.

The appeal is therefore dismissed.