[No. 19462. Department Two. January 11, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. ART DAVIS (*true name Arthur Davis*), *et al.*, *Appellants*, JOHN PRKUT, *Respondents*.[1]

[1] INTOXICATING LIQUORS (50)— CRIMINAL PROSECUTION —WEIGHT AND SUFFICIENCY OF EVIDENCE. Convictions of being jointists are sustained by evidence that at various times the different proprietors of a service station, tobacco and confectionery stand sold moonshine whisky from the bar and that the place had the reputation of being one where intoxicating liquors were sold.

[2] CRIMINAL LAW (382)—RIGHT OF PROSECUTION TO REVIEW. The state has no right to appeal from an order setting aside the verdict and "arresting judgment," and discharging accused upon the ground that the evidence failed to make a case against him, and affirmatively showed that accused was not guilty and that he was entitled to a directed verdict of not guilty; since the order was not one arresting judgment for failure of the information to state sufficient facts, within Rem. Comp. Stat., § 1716, but was one "affecting the acquittal of a prisoner," within said act; and therefore not appealable.

Cross-appeals from a judgment of the superior court for King county, Ronald, J., entered December 17, 1924, upon a trial and conviction of two defendants and the acquittal of a third defendant, as jointists. Convictions affirmed, and appeal of state dismissed.

[1]Reported in 242 Pac. 31.

*Rummens & Griffin,* for defendants-appellants and defendant-respondent.

*Ewing D. Colvin* and *Robert S. Macfarlane,* for respondent and cross-appellant.

MITCHELL, J.—Art Davis, Louis Marcinko and John Prkut were jointly charged with the crime of being jointists in that, on or about June 11, 1924, they wilfully, unlawfully and feloniously did open up and conduct and maintain a certain described building in King county, a place for the unlawful sale of intoxicating liquor. Each of them plead not guilty. They were jointly tried before a jury and found guilty. Davis and Marcinko were sentenced to the state reformatory, and have appealed. John Prkut was discharged by order of the trial court, and the state has appealed.

[1] We first dispose of the appeals of Art Davis and Louis Marcinko. In substance, the testimony on behalf of the prosecution showed that the business was conducted in a building on a public highway near Enumclaw, King county, Washington. It had a gasoline station. The building consisted of two rooms. The front room contained a bar behind which were shelves containing tobacco, candies and small groceries. About a week before the date mentioned in the information, one of the witnesses and two other persons went to the place. Marcinko was there "apparently taking care of the place." They asked for "drinks of booze." Marcinko refused, saying "I don't know you." They went away, and returned with a person known to Marcinko and bought

". . . a round of drinks from Marcinko. There was a noisy crowd of eight or ten persons in the rear room at that time. Other drinks of whiskey were served in glasses at twenty-five cents each. It was served from a pitcher taken from under the bar. A

small flask of whiskey was purchased for $1.25 from Marcinko, who went to the rear room to get it."

Another witness testified to the buying of whiskey at the place from Prkut on June 11, 1924. First they asked for Art Davis and Prkut said he wasn't there and that he could not sell them anything. They went away and came back and Louie Marcinko looked the bunch over and said we were all right. "After that we got the drinks. They served liquor in a small glass, called moonshine." Another witness, speaking of buying on June 11, testified there were six of them. That they bought a little glass of moonshine for each from Prkut. Marcinko was on the outside selling gas or oil and then came into the building. "Prkut took the liquor from under a little counter. I think he had a little pitcher." In a little while they went back and one of the parties bought a little bottle of liquor from the same man, Marcinko being present. Upon being asked where Art Davis was, Prkut said he was over at Crane's. They drove over to see him, but did not find him, went back to the service station, and pretty soon Art Davis drove up, parked his car on the side of the building and got out. The witness and his party went inside and Prkut sold them five drinks. The witness said, "It was moonshine—bad moonshine. I drank it, then had another drink."

On March 24, 1924, Art Davis had the property in question "being Art's Service Station" assessed to himself, he signing the assessment. A sign, "Art's Service Station," was maintained extending across the road in front of the building. There was testimony that the place had the reputation of being one at which intoxicating liquors were sold. None of the above testimony was disputed.

The first assignments of error are based upon the

denial by the trial court of the challenge by the appellants separately made to the sufficiency of the evidence to sustain a verdict of guilty. But, upon consideration of the evidence, we are convinced that as to each appellant the case was properly left to the decision of the jury. Objection was made to proof of the reputation of the place as one maintained for the unlawful sale of intoxicating liquor, with reference to which, however, upon an examination of the record we are satisfied no prejudice resulted.

Complaints are made of some of the instructions that have been examined in the light of the objections urged, and in our opinion the criticisms of them are not well founded. The instructions were plain, fair and complete. The judgment as to these appellants is affirmed.

[2] As to the state's appeal from the order discharging John Prkut he has moved to dismiss the appeal under subd. 7, § 1716, Rem. Comp. Stat., which is as follows:

". . . But an appeal shall not be allowed to the state in any criminal action, except when the error complained of is in setting aside the indictment or information, or in arresting the judgment on the ground that the facts stated in the indictment or information do not constitute a crime, or is some other material error in law not affecting the acquittal of a prisoner on the merits."

Upon the return of the verdict of guilty, John Prkut filed a motion

". . . for an order setting aside the verdict herein and arresting judgment upon the verdict of the jury and for judgment of dismissal of the cause and acquitting and discharging the defendant notwithstanding the verdict, upon the ground and for the reason that under the evidence in this case the state failed to make a prima facie case against the said defendant, and the proof affirmatively shows without contradiction

that said defendant was entitled to a directed verdict of not guilty at the conclusion of the state's case and at the conclusion of all the evidence in the case."

This motion was granted.

Counsel for the state argues that, under § 2183, Rem. Comp. Stat., the only ground for arresting judgment, where the prosecution is upon information, is that the facts stated in the information do not constitute a crime or misdemeanor and that, as the information in this case does state facts sufficient to constitute a crime as to John Prkut, therefore, the order entered was erroneous and the state has the right of appeal under the appeal statute. We think, however, that the prosecution mistakes the clear intention of the motion and the order. They were not in arrest of judgment in a technical sense, as spoken of in the statute. It makes no difference if inaptly the words "in arrest of judgment" were used in the motion; it is perfectly plain that the purpose and intention of the motion was to insist that notwithstanding the verdict there was not sufficient evidence to sustain a verdict of guilty against the defendant and that his motion for a directed verdict, theretofore made, should have been granted. Clearly the trial court so understood it, as appears from a memorandum opinion of the trial judge finding no occasion to pass on an accompanying and alternative motion for a new trial, and in the order or direction of the judge entered of record granting the motion. The situation is similar to that in *State v. Hubbell*, 18 Wash. 482, 51 Pac. 1039, wherein this court said:

"The ruling here complained of does not go to the sufficiency of the information or to the decision of a question of law, but to the correctness of the court's conclusion as to the facts relied upon for a conviction, It was the judgment of the court upon the merits of the case, and constitutes, we think, an acquittal on the

merits. From such a judgment the state has no right of appeal."

See, also, *State v. Wright,* 60 Wash. 277, 111 Pac. 18.

The state having no right of appeal, under the circumstances, this court is without jurisdiction to entertain it, and the motion to dismiss the appeal must be, and it is, granted.

TOLMAN, C. J., MAIN, MACKINTOSH, and PARKER, JJ., concur.