[No. 19953.  Department One.  September 1, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWARD
FAIRFIELD, *Appellant*, LEW FAIRFIELD *et al.*,
*Defendants*.[1]

[1] INDICTMENT AND INFORMATION (41)—TIME OF OFFENSE—SUFFI-
CIENCY OF AVERMENT. An information for being a jointist, charg-
ing the maintenance of the place during the period "beginning
October 20, 1924 and January 31, 1925" sufficiently charges a con-
tinuing offense during the period between the dates specified,
and does not charge two offenses.

[2] SAME (39)—SUFFICIENCY OF ACCUSATION—PLACE OF OFFENSE.
Under an information for maintaining a joint in a certain build-
ing in the "town" of M in S county, it is not a variance to prove
the commission of the offense at such building in a village or
community called M, in said county, although there is no incor-
porated town of that name.

[3] INTOXICATING LIQUORS (50)—OPERATION OF JOINT—EVIDENCE—
SUFFICIENCY. A conviction of being a jointist is sustained by
proof that accused was the owner of the building and operated
a hotel and store therein, and that, during the period charged,
moonshine whiskey was sold over the bar on divers occasions
by others in the presence of the accused, and that he himself
made a sale and brought liquor into the place.

[4] CRIMINAL LAW (360)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE
—COLLATERAL ISSUE. There is no abuse of discretion in deny-
ing a new trial for newly discovered evidence which merely
tended to contradict or impeach a witness for the state upon a
collateral issue.

Appeal from a judgment of the superior court for
Snohomish county, Alston, J., entered May 29, 1925,
upon a trial and conviction of being a jointist. Affirmed.

*Joseph H. Smith*, for appellant.

*C. T. Roscoe, John C. Richards*, and *Charles R.
Denney*, for respondent.

[1]Reported in 248 Pac. 810.

HOLCOMB, J.—Appealing from a judgment of conviction and sentence on a jointist charge, appellant, for reversal, first urges that the information is insufficient. The information charges appellant and three others with having, in Snohomish county, Washington, during the period beginning the 20th day of October, 1924, and the 31st day of January, 1925, wilfully, unlawfully and feloniously opened up, conducted and maintained, in the town of Mukilteo in that county and state, a certain place known as the Fairfield Hotel, Pool and Billiard Hall and Confectionery Store, with the appurtenances thereunto belonging, for the unlawful sale of intoxicating liquor. Appellant contends that the information charges the commission of the alleged crime on two dates, that is, October 20, 1924, and January 31, 1925.

[1] Although the word "ending" is omitted before the date January 31, 1925, and the charge would have been more exact had it been included, the use of the words "for and during the period beginning October 20, 1924," sufficiently indicates, to a person of ordinary understanding, that the offense alleged was a continuing offense during the period between October 20 and January 31, and not two periods, one beginning October 20, 1924, and the other January 31, 1925. Therefore there is no merit in this contention.

[2] It is contended that the description of the place, where the alleged offense was committed, as being in the town of Mukilteo, in Snohomish county, when there is no incorporated town of that name, of which judicial notice could be taken, but merely a village or community so known, constitutes a fatal variance.

It was not necessary to allege in the information that the offense was committed in the town or community of Mukilteo, but it was sufficient to allege and prove that it was in Snohomish county, Washington. The evidence in the case did so show.

The fact that it was also shown to have been committed in a certain building in a place called Mukilteo, whether incorporated or not, is of no importance. That allegation, and the evidence as to the place where the crime was alleged to have been committed, was merely so much description as to the location of the building in which the offense was committed. It was neither material nor prejudicial to show that the building was located in a place called Mukilteo. There was, therefore, neither prejudice nor fatal variance between the allegations and proof.

Two of the defendants, Lew Fairfield and George Doll, were convicted by the jury and sentenced by the court. Another defendant, Max Fairfield, was discharged by the state.

[3] The evidence in the case, upon which the jury had a right to rely as against appellant, showed that appellant was the owner of the building during the period alleged in the information, and in it was conducted a hotel, operated by appellant, and the pool and billiard hall and confectionery store. The pool and billiard hall contained a long bar, over which, the evidence showed, moonshine whiskey was sold on divers occasions, by George Doll and Lew Fairfield. Appellant lived in a room opening off this pool and billiard hall. There was testimony that he was seen about the pool hall every day. On one occasion, he was present when a witness bought a drink of whiskey. On one occasion, he had served a witness with a drink of whiskey. On other occasions, he had been seen about the pool hall when other witnesses had purchased from the other defendants. On one occasion, appellant himself brought into the pool and billiard hall a gallon of something and poured it into the same pitcher out of which one of the other defendants, Lew Fairfield, had just sold the witness a drink. The only reasonable

inference the jury could draw from all this evidence was that appellant was connected with the maintenance of the joint. There was, therefore, ample evidence upon which to convict appellant as being one of the parties conducting the joint described, and evidence as to the reputation of the place was therefore properly admitted. *State v. Perrin,* 127 Wash. 193, 220 Pac. 772; *State v. Anderson,* 132 Wash. 551, 232 Pac. 275; *State v. Kallas,* 133 Wash. 23, 233 Pac. 315; *State v. Maloney,* 135 Wash. 309, 237 Pac. 726; *State v. Panovich,* 136 Wash. 20, 238 Pac. 903; *State v. Davis,* 137 Wash. 288, 242 Pac. 31; *State v̄. Brooks,* 74 Kan. 175, 85 Pac. 1013.

[4] Another error claimed is based upon the denial by the trial court of the motion for a new trial upon a showing of newly discovered evidence, particularly upon the presentation by appellant of the affidavits of seven witnesses, one of whom was present at the trial, tending to contradict or impeach the evidence of a witness named Mrs. Conley, who testified that upon one occasion, when she went into the place in question to get her husband, appellant was present. This was contradicted by appellant, when testifying. The matter involved purely a collateral issue as to the veracity of Mrs. Conley and her testimony. We are unable to say that the trial court abused its discretion in denying the motion for a new trial on the ground of newly discovered evidence.

Finding no error justifying a reversal, the judgment is affirmed.

TOLMAN, C. J., BRIDGES, FULLERTON, and ASKREN, JJ., concur.