128 P.3d 631 (2006)
STATE of Washington, Respondent,
v.
Olin H. EDWARDS, Appellant.
No. 23461-4-III.
Court of Appeals of Washington, Division Three, Panel Three.
February 14, 2006.
*632 William D. Edelblute, Attorney at Law, Spokane, WA, for Appellant.
Kevin M. Korsmo, Frank A. Grigaliunas, Attorneys at Law, Spokane, WA, for Respondent.
SWEENEY, A.C.J.
¶ 1 Hearsay evidence is inadmissible to prove the truth of the matter asserted. Here, the court admitted testimony by a police detective that a confidential informant told him that "Olin" was dealing crack cocaine. We conclude this was error and it was not harmless. And we therefore reverse and remand these prosecutions for delivery of a controlled substance.

FACTS
¶ 2 A confidential informant told Detective Alan Quist that an individual named "Olin" "was dealing in crack cocaine." Report of Proceedings (RP) at 105. And the informant told him "Olin" could be contacted at "216-1175." RP at 105.
¶ 3 The police set up a controlled buy. The police believed the suspect to be "Olin Sorensen" after viewing a police photo. Clerk's Papers (CP) at 34; RP at 184. They obtained a search warrant for Mr. Sorensen and for a specified apartment and executed it. They found Olin H. Edwards in the apartment and arrested him.
¶ 4 The State charged Mr. Edwards with two counts of delivery of a controlled substance, and one count of possession of a controlled substance with intent to deliver. Mr. Edwards moved at trial to exclude Detective Quist's anticipated testimony that the informant told him "Olin" was dealing cocaine as hearsay. The trial court denied his motion.
¶ 5 A jury found Mr. Edwards guilty of possession of a controlled substance with intent to deliver, but could not render a verdict on the first two counts for delivery of a controlled substance.
¶ 6 The State retried Mr. Edwards on the two counts for delivery of a controlled substance. Mr. Edwards again moved to exclude Detective's Quist's anticipated testimony that an informant told him "Olin" was dealing cocaine. The court again denied his motion. A jury found him guilty on both counts.

DISCUSSION

HEARSAY
¶ 7 Mr. Edwards argues that first of all Detective Quist's testimony of the confidential informant's statements is substantive evidence of guilt and not just an explanation which places the police investigation "in context," as the State suggests. And the statement is therefore hearsay. The State insists that Detective Quist's testimony  the confidential informant told him Olin was dealing crack cocaine  simply explained the impetus, the motivation for the police investigation.
¶ 8 Whether or not the statement here was hearsay is a question of law we will review de novo. State v. Neal, 144 Wash.2d 600, 607, 30 P.3d 1255 (2001).
¶ 9 Hearsay is an out-of-court statement offered "to prove the truth of the matter asserted." ER 801(c). A statement is not hearsay if it is used only to show the effect on the listener, without regard to the truth of the statement. (State v. Roberts, 80 Wash.App. 342, 352-53, 908 P.2d 892 (1996)); State v. Jessup, 31 Wash.App. 304, 314-15, *633 641 P.2d 1185 (1982). For example, in Jessup, a witness was allowed to testify that she was told "[Mr. Jessup] had struck another woman when he became angry at her." Jessup, 31 Wash.App. at 314, 641 P.2d 1185. The statement was admitted to show why the witness "compl[ied] with [Mr. Jessup's] request to commit prostitution" once it appeared that he was angry with her. Id. at 314-15, 641 P.2d 1185. The hearsay statement was not offered to prove that Mr. Jessup actually struck another woman. Id. at 315, 641 P.2d 1185.
¶ 10 Of course, as with any other evidence, the offered testimony must be relevant to an issue in controversy. Roberts, 80 Wash.App. at 352-53, 908 P.2d 892. Here, the State's proffered reason for the testimony was to explain why Detective Quist started his investigation. RP at 36.
¶ 11 But here that was not an issue in controversy. It therefore was not relevant. ER 401; Roberts, 80 Wash.App. at 352-53, 908 P.2d 892. The out-of-court statement is only relevant if it is admitted for its truth  that "Olin" was involved in drug activity.
¶ 12 The issue here was who sold the cocaine. Detective Quist's state of mind simply is not relevant to whether Mr. Edwards committed the crimes charged.
¶ 13 The statements here were hearsay, then, and should not have been admitted. Roberts, 80 Wash.App. at 352-53, 908 P.2d 892.
¶ 14 Mr. Edwards also argues that Detective Quist testified to additional inadmissible hearsay statements  that the informant told him he could contact "Olin" at "216-1175." RP at 105. But he did not, however, object to this statement at trial. RP at 105. The issue is not, then, properly before this court. RAP 2.5(a).

RIGHT TO CONFRONTATION
¶ 15 Mr. Edwards also argues that Detective Quist's testimony violated his constitutional right to confront his accusers. Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). But we need not reach that constitutional question. State v. Mora, 138 Wash.2d 43, 54 n. 9, 977 P.2d 564 (1999).

HARMLESS ERROR
¶ 16 The State argues, nonetheless, that any error in admitting Detective Quist's testimony was harmless. The test is whether the untainted evidence (untainted by the offending hearsay) is so overwhelming that any error is harmless. State v. Guloy, 104 Wash.2d 412, 426, 705 P.2d 1182 (1985). It points to contradictory evidence: "[Detective Quist] testified he showed a police photo of [Olin] Sorensen to two other detectives who had participated in the controlled buy on November 28, 2001, and those detectives believed Mr. Sorensen had been the subject they had seen make contact with the [informant]." Resp't's Br. at 4. This is not evidence of Mr. Edwards' guilt. Moreover, the first trial resulted in a hung jury on both counts for delivery of a controlled substance.
¶ 17 We cannot conclude the error was harmless. We therefore reverse and remand these counts for delivery of a controlled substance. State v. Anderson, 96 Wash.2d 739, 742, 638 P.2d 1205 (1982).
WE CONCUR: SCHULTHEIS and BROWN, JJ.