# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69733-1-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| SIMON ANGEL VERA, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: June 9, 2014 |
| | ) | |

Cox, J. – Simon Vera appeals his two convictions for delivery of a controlled substance. He claims that his trial counsel provided ineffective assistance because he failed to object to evidence that the court had ruled in limine should be excluded. Because Vera fails to prove that his counsel's performance was either deficient or prejudicial, we affirm the convictions.

In 2011, an undercover detective working with the Skagit County Interlocal Drug Enforcement Unit set up a controlled buy of cocaine with an individual known as "Primo." The detective used a confidential source to set up the buy, and the buy was completed. The detective also set up and completed a second controlled buy with "Primo."

By amended information, the State charged Vera with two counts of delivery of a controlled substance.

Before trial, the State moved in limine to admit statements from the confidential source to the undercover detective. The State explained that the

testimony would include the source's "tip that someone named Primo would sell [the detective] 1/2 ounce of cocaine at a certain location in Everett" and conversations between the source and Primo that the detective overheard.[1] The State argued that this testimony would explain why the detective was meeting with "Primo."

After argument, the State agreed to have the detective only testify about his "side of the conversation" and not testify about the source's statements. Vera's counsel initially agreed to this testimony.

Later in the proceedings, Vera's counsel raised concern about the detective's testimony and submitted additional briefing, arguing that the testimony regarding the confidential source's statement would be hearsay. The court ruled in limine that the detective would not be allowed to testify about the source's out-of-court statements.

During trial, the detective testified about the confidential source's statement to him despite the trial court's ruling. Vera's counsel did not object to this testimony.

The jury found Vera guilty as charged.

Vera appeals.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Vera argues that his trial counsel was ineffective because he failed to object to prejudicial hearsay during the undercover detective's testimony that the trial court ruled in limine would be excluded at trial. We disagree.

---

[1] Clerk's Papers at 88.

2

A criminal defendant has the right to effective assistance of trial counsel under the Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution.[2] To prevail on a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his trial.[3]

The reasonableness inquiry presumes effective representation and requires the defendant to show the absence of legitimate strategic or tactical reasons for the challenged conduct.[4] To show prejudice, the defendant must show that but for the deficient performance, there is a reasonable probability that the outcome would have been different.[5]

"To prove that failure to object rendered counsel ineffective, [a defendant] must show [1] that not objecting fell below prevailing professional norms, [2] that the proposed objection would likely have been sustained, and [3] that the result of the trial would have been different if the evidence had not been admitted."[6]

---

[2] State v. Hendrickson, 129 Wn.2d 61, 77, 917 P.2d 563 (1996).

[3] Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

[4] McFarland, 127 Wn.2d at 335-36.

[5] In re Personal Rest. of Pirtle, 136 Wn.2d 467, 487, 965 P.2d 593 (1998).

[6] In re Personal Rest. of Davis, 152 Wn.2d 647, 714, 101 P.3d 1 (2004) (citing State v. Townsend, 142 Wn.2d 838, 847, 15 P.3d 145 (2001); McFarland, 127 Wn.2d at 337 n.4; Hendrickson, 129 Wn.2d at 80).

"The decision of when or whether to object is a classic example of trial tactics."[7] For example, trial counsel may not want to object to avoid emphasizing the testimony.[8] "Only in egregious circumstances, on testimony central to the State's case, will the failure to object constitute incompetence of counsel justifying reversal."[9]

Here, Vera argues that his counsel should have objected to the following testimony from the undercover detective:

> Q. What did you ask the [confidential source] to do, if you can tell the jury?
>
> A. I asked them to contact the person known as Primo as he, himself, had received information directly from Primo who was soliciting buyers, or customers, to arrange a deal for half an ounce of cocaine to see what kind of price he was asking for.[10]

This testimony violated the court's in limine ruling that the detective could not testify about the confidential source's out-of-court statements. But Vera's trial counsel did not object to this testimony.

The trial court later made clear that had there been an objection it would have sustained it. Before closing arguments, the trial court told counsel that it believed the detective's testimony had "broke[n] the Court's rule with regard to

---

[7] State v. Madison, 53 Wn. App. 754, 763, 770 P.2d 662 (1989).

[8] Davis, 152 Wn.2d at 714.

[9] Madison, 53 Wn. App. at 763.

[10] Report of Proceedings (Nov. 27, 2012) at 104.

hearsay a couple of times by indicating what [the source] said to him, which was something that was indicated would not happen."[11]

But whether the trial court would have sustained the objection had it been made is only one part of the analysis.[12] Vera does not show how the failure to object to this testimony fell below prevailing professional norms nor does he show it was prejudicial.[13]

Given the presumption of effective representation, we cannot say that the failure to object was deficient performance. This well could have been legitimate trial strategy. The detective's testimony regarding the confidential source's statement was limited in nature. Vera's counsel "may not have wanted to risk emphasizing the testimony with an objection."[14]

More importantly, there is not a reasonable probability that the result of the trial would have been different had Vera's trial counsel objected. The other evidence supporting Vera's guilt was overwhelming. For example, after the detective bought controlled substances from "Primo" for the first time, surveillance officers took down the license plate of the vehicle "Primo" was driving. The vehicle was registered to Simon Vera. Additionally, the detective testified that the confidential source gave him "Primo's" phone number, and that

---

[11] Report of Proceedings (Nov. 28, 2012) at 7.

[12] See Davis, 152 Wn.2d at 714.

[13] Id.

[14] Id.

number belonged to Vera. And an audio and video recording device captured the second time the detective bought controlled substances from Vera.

In sum, Vera fails to show that the failure to object was prejudicial due to the overwhelming evidence of guilt in this case. Without a showing of the prejudice prong of the test, he fails to demonstrate ineffective assistance of counsel.

Vera contends that the argument that trial counsel "made a tactical choice not to highlight the evidence by objecting" should be rejected because it is not supported by the record. He cites State v. Edwards to further his argument.[15] But that case is not helpful.

In Edwards, the trial court, over defense counsel's objection, admitted a detective's testimony regarding a confidential source's statements to the detective.[16] The source told the detective that Olin Edwards was dealing crack cocaine.[17] The State argued that the source's statements were not hearsay because they were offered to show the effect on the detective.[18] But Division Three concluded that the source's statements were inadmissible hearsay and the error in admitting the evidence was not harmless.[19]

---

[15] Opening Brief of Appellant at 16-17 (citing State v. Edwards, 131 Wn. App. 611, 128 P.3d 631 (2006)).

[16] Edwards, 131 Wn. App. at 614-15.

[17] Id. at 614.

[18] Id.

[19] Id. at 615.

6

The issue in Edwards was whether the statements, which were objected to at trial, were hearsay.[20] That case does not discuss the extent of the detective's testimony or the failure to object to this testimony within the context of an ineffective assistance of counsel claim. Thus, Edwards is not helpful in determining whether the failure to object in this case was a tactical choice.

Vera also argues that the admission of the testimony was prejudicial because the issue in the case was identity. He points to evidence that supports his theory that he was not the person who sold cocaine to the undercover detective. Given the detective's testimony regarding the confidential source's statement, he argues that "the jury may have discounted this exculpating evidence." This argument is not persuasive.

As previously discussed, there was overwhelming evidence proving that Vera was the person who sold the cocaine to the undercover detective. Thus, he fails to show the prejudice prong that is vital to his claim of ineffective assistance of counsel.

We affirm the judgment and sentence.

Cox, J.

WE CONCUR:

Spearman, C.J.

---

[20] Id. at 614-15.